IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JOSEPH GENET and
ZACHARY WHITMORE,

        Plaintiffs,

v.                                            Case No. 3:18-cv-01471

WESTERN REGIONAL JAIL;
CAPTAIN ALDRAGE; CORP. EIRWIN;
SERGEANT FRANKLIN; CORP. YOURK;
C.O. GUICE; C.O. NAPPER; C.O. INDICOT;
C.O. THEUITHEN; C.O. PAUL;
and C.O. HUGHS,

        Defendants.

## MEMORANDUM OPINION and ORDER

Two prisoners at the Western Regional Jail in Barboursville, West Virginia have jointly filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that the defendants are violating the Eighth Amendment to the United States Constitution by subjecting the prisoners to inhumane living conditions at the Jail; including, exposing them to human waste; leaving them without clean clothing for days and weeks; denying them edible food; and denying them exercise and recreation. Plaintiffs request prospective injunctive relief and monetary damages.

Although the United States Court of Appeals for the Fourth Circuit has not explicitly ruled that multiple prisoners are prohibited from joining together as plaintiffs in a single § 1983 action, at least one circuit has determined that the Prison Litigation Reform Act ("PLRA") bars such joinders. *Hubbard v. Haley,* 262 F.3d 1194, 1198 (11th

Cir. 2001) (holding that PRLA requirement of a separate filing fee for each prisoner prevents prisoners from joining claims under Fed. R. Civ. P. 20). "Even in light of more flexible holdings in other circuits regarding the permissive joinder of multiple prisoner plaintiffs, *see Hagan v. Rogers,* 570 F.3d 146, 157 (3d Cir. 2009); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004); *In re Prison Litigation Reform Act,* 105 F.3d 1131, 1137-38 (6th Cir. 1997), courts in [the Fourth Circuit] have found the analysis in *Hubbard* persuasive and have declined to permit prisoner plaintiffs to join in one civil action." *Griffin v. Nettles,* No. 4:18-cv-02469-RBH-TER, 2018 WL 4701293 (D.S.C. Nov. 22, 2013) (collecting cases); *also Galeas v. United States*, No. 5:14-CT-3225-F, 2015 WL 1433547, at *1 (E.D.N.C. Mar. 27, 2015); *Fleming v. Francis,* No. 5:13–CV–21991, 2014 WL 2589755, at *1 (S.D.W. Va. June 10, 2014) ("The undersigned finds that multiple-prisoner plaintiffs may not proceed in forma pauperis in the same civil action"); *Watterson v. Terrell,* No. 1:10CV184–RJC, 2010 WL 3522331, at *1 (W.D.N.C. Sept. 7, 2010) (finding that multiple plaintiffs subject to the PLRA may not join a lawsuit "so as to pro-rate the mandatory filing fee."); *Greene v. Phipps,* No. 7:09-cv-00100, 2009 WL 3055232, at *6 (W.D. Va. Sept. 24, 2009) (citing to the conclusion in *Hubbard* that by joining parties and claims in one case, prisoners seek to bypass the PLRA's three-strikes provision and filing fee requirement).

In addition to the courts' disinclination to allow multiple prisoners to join in one § 1983 complaint, the law is well-settled that "it is plain error for a pro se inmate to represent other inmates in a class action," *Fowler v. Lee,* 18 Fed. Appx. 164, 165 (4th Cir. 2001). Moreover, while the living conditions about which the plaintiffs complain are collectively described as inhumane, it is likely that the plaintiffs have been exposed to different circumstances and varying levels of harm at different times, involving different

transactions with different defendants, resulting in different injuries. Consequently, joinder is not appropriate for the additional reason that each plaintiff's claim will require individualized determinations. *See Griffin,* 2018 WL 4701293, at *1. Accordingly, the claims of the plaintiffs must be separated into discreet civil actions and must undergo a preliminary review pursuant to 28 U.S.C. § 1915(e)(2).

**Therefore, the Clerk of Court is directed as follows**:

This civil action, 3:18-cv-01471, shall pertain only to Plaintiff Joseph Genet and shall be styled Joseph Genet v. Western Regional Jail; Captain Aldrage; Corp. Eirwin; Sergeant Franklin; Corp. Yourk; C.O. Guice; C.O. Napper; C.O. Indicot; C.O.Theuithen; C.O.Paul; and C.O. Hughs. The Clerk is **ORDERED** to open a new civil action for Zachary Whitmore, listing the same defendants as those named above. Once the new civil action is open, Zachary Whitmore shall be terminated as a party in this action. In the newly-opened action, this Order shall be docketed, followed by the Complaint filed herein, and the Standing Order in Re Assignment of Magistrate Judges. Upon the opening and docketing of the new case, the undersigned will conduct a preliminary review of each case.

The Clerk is directed to provide a copy of this Order to the plaintiffs.

**ENTERED:** November 30, 2018

Cheryl A. Eifert
United States Magistrate Judge